IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50646
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO PENA-GONZALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(P-97-CR-42-1)

May 11, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sergio Pena-Gonzales appeals his conviction for possession with intent to distribute marijuana, arguing that the district court erred in denying his motion to suppress the evidence of the marijuana.

A Texas Department of Public Safety Trooper found the marijuana during a consent search of Pena-Gonzales' vehicle following a traffic stop. Pena-Gonzales argues that the traffic stop for violation of Texas' window tint laws was a pretext for the

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Trooper's ulterior belief that the vehicle was carrying drugs. He also argues that he was prevented from challenging the reliability of the information that he was carrying drugs.

The district court did not err in denying Pena-Gonzales's motion to suppress. Pena-Gonzales does not challenge the district court's holding that the officer was objectively justified in stopping the vehicle for a traffic violation. We need look no further to determine whether the officer executed the stop for an ulterior motive, for as long as there is objective justification for a traffic stop, the officer's subjective intent is not relevant. United States v. Flores, 63 F.3d 1342, 1362 (5th Cir.), cert. denied, 117 S.Ct. 87 (1996); United States v. Roberson, 6 F.3d 1088, 1092 (5th Cir. 1993), cert. denied, 510 U.S. 1204 (1994). Pena-Gonzales' argument is without merit. Id.

AFFIRMED.